UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DERRICK QUINN JONES, <br><br> Plaintiff, <br><br> v. <br><br> PIERCE COUNTY JAIL, et al., <br><br> Defendants. | CASE NO. 3:22-CV-5049-JCC-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: March 4, 2022 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Derrick Quinn Jones, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's proposed complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. The deficiencies of the proposed complaint cannot be cured with an amendment. Therefore, the Court recommends the proposed complaint be dismissed, Plaintiff's application to proceed *in forma pauperis* be denied as moot, and this case be closed.

### I. Background

In the proposed complaint, Plaintiff, a pretrial detainee housed in the Pierce County Jail, alleges Defendants Pierce County Jail, the Records Department, and Johnathon Slothower violated Plaintiff's rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Dkt. 1. Specifically, Plaintiff states his medical/mental health information was published on the Pierce County Sheriff's website without his permission in violation of his HIPAA rights. *Id*.

### II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In his proposed complaint, Plaintiff alleges his HIPAA rights were violated. Dkt. 1. The Ninth Circuit has definitively declared "HIPAA itself provides no private right of action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits have explicitly found that HIPAA cannot be enforced through Section 1983. *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); *Sneed v. Pan Am Hosp.*, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private

cause of action or rights that are enforceable through § 1983"). As HIPAA does not provide a private right of action, the Court concludes Plaintiff's allegations fail state a claim upon which relief can be granted. *See Davenport v. Richards*, 2008 WL 2678371, *3 (W.D. Wash. June 30, 2008) (finding the plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no private right of action, the claims must be dismissed).

### III.   Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). As Plaintiff seeks relief only for an alleged HIPAA violation, he cannot cure the deficienices of the proposed amended complaint. Therefore, the Court finds Plaintiff should not be given leave to amend the proposed complaint.

### IV.   Conclusion

For the above stated reasons, the undersigned recommends Plaintiff's proposed complaint be dismissed for failure to state a claim. The Court also recommends the Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 4) be denied as moot.

As Plaintiff has failed to state a claim upon which relief can be granted, the Court recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration
2 | on March 4, 2022, as noted in the caption.
3 |     Dated this 16th day of February, 2022.

*[Signature]*

David W. Christel
United States Magistrate Judge