THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK QUINN JONES,<br><br>             Plaintiff,<br><br>     v.<br><br>PIERCE COUNTY JAIL, *et al.*,<br><br>             Defendants. | CASE NO. C22-5049-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 5) and Plaintiff's objections to the same (Dkt. No. 6). Having reviewed Plaintiff's objections, the R&R, and the relevant record, the Court hereby OVERRULES Plaintiff's objections, ADOPTS the R&R, and DISMISSES Plaintiff's complaint with prejudice for the reasons explained below.

Petitioner is awaiting trial and currently detained at the Pierce County Jail. (Dkt. 5 at 2.) He filed a proposed civil rights complaint alleging that the Jail violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by publishing his health information online. (*See generally* Dkt. No. 1.) Judge Christel recommends that Plaintiff's civil rights complaint be dismissed for failure to state a claim because HIPAA provides no private right of action. (Dkt. No. 5 at 1–2 (citing *Garmon v. Cnty. of Los Angeles*, 499 F.3d 1079, 1081 (9th Cir. 2007) (quotation omitted).)

In his objections, Plaintiff merely realleges that his medical information was published on the Pierce County Sheriff's website without his permission in violation of his right to privacy. (*Compare* Dkt. No. 1 at 3–6, *with* Dkt. No. 6 at 3–4.) This does not address Judge Christel's primary reasoning: that HIPAA provides no private right of action. (Dkt. No. 5 at 2 (citing *Garmon v. County of Los Angeles*, 499 F.3d 1079, 1081 (9th Cir. 2007) (quotation omitted).) Plaintiff thus identifies nothing incorrect about Judge Christel's conclusion that Plaintiff fails to state a claim for which relief can be granted. (*Id.* at 3.)

Nor do his objections overcome Judge Christel's recommendation that, because any amendment would be futile, Plaintiff's claims should be dismissed with prejudice and without leave to amend. (*Id.* (citing *Davenport v. Richards*, 2008 WL 2678371, slip. op. at 3 (W.D. Wash. June 30, 2008) (finding plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no private right of action, the claims must be dismissed).) The Court agrees with these conclusions.

Accordingly, the Court ORDERS:

1. Plaintiff's objections (Dkt. No. 6) are OVERRULED.
2. The R&R (Dkt. No. 5) is ADOPTED.
3. Plaintiff's proposed complaint (Dkt. No. 1) is DENIED and this action is DISMISSED with prejudice.
4. As Plaintiff has failed to state a claim upon which relief can be granted, this dismissal constitutes a strike under 42 U.S.C. § 1915(g).
5. Plaintiff's pending motion to proceed *in forma pauperis* IS DENIED as moot.
6. The Clerk is DIRECTED to close this case and send copies of this order to Petitioner, counsel for Defendants, and to the Honorable David W. Christel.

//

//

//

DATED this 10th day of March 2022.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE